The opinion of the court was delivered by
Duncan, J.
The libels against the prosecutor stated in the judgment are very atrocious, their atrocity ought not to close the eyes of the court on their defective statement in the indictment.
The jury having found the defendant not guilty on all the counts, but the third and fourth, the attention of the court will be confined to the reasons alleged to arrest the judgment on these two counts, or rather the reason. The additional pleas are above my comprehension, and I, therefore, pass over that which transcends all my intellectual faculties.
This reason is unanswerable. The substance of the writing only is stated in the third count, and in the fourth count. In an action and in indictment for libel, the law requires the very words of the libel to be set out, in order that the court may judge, whether they *175 constitute a good ground of action, and unless this is professed to be set out, the declaration or indictment cannot be maintained. The ordinary mode is to state,- that the defendant published the libellous matter of the complainant to the tenor and effect following. In that case the word tenor governs the word effect, and binds the party to set out the very words of the libel, and this reconciles the different views which the counsel have taken of the Kingy. Beere, and Queen v. Drake, from the several reports of these cases. There is another mode of setting out a libel;, that the defendant published the libellous matter following, that is to say. But the allegation here is, that the defendant published certain libellous matter in substance as follows. If it is so, that the law requires the libel itself to be stated, how can an indictment be sufficient which states it in substance only:: for two statements, which may differ in words may agree in substance. These counts profess only to state the general import and effect of the libels. If a man says he has read- a book, in which is contained a passage, in substance as follows, no one would understand him to be about to-repeat the very words of the passage, but only that he was about to give an abstract of iit. This is the ordinary sense of the allegation. It has been always held insufficient in an action for a-libel written in a foreign language to set out the translation; yet that, if correct, would have contained the substance of thé libel, and by this’-mode of charging the prosecutor draws from the defendant the power of calling for the judgment of the court on demurrer to the words of the libel, whereas,if he states them on record, the defendant, if he thinks fit, may demur, admitting all the innuendoes-and all the motives, and; bring before the court the question, whether they amount to' a libel. The objection to this mode of settingout a libel, may, at first yieW, be considered as a useless refinement, a technical sublety, but it is by no means so. For where a charge, either civil or criminal, ' is brought against a'defendant, arising out of the publication of a written instrument,-as is the case in forgery or'libel, the invariáble rule is, that the instrument itself must be set out in the declaration or indictment, and the reason of that is, that the defendant may-have an opportunity, if he pleases, of ádmitting all the facts charged, and of having the judgment of the court whether the facts stated amount to a cause of action, or a'crime: for it is clear that wheii.it can be > shown distinctly, what the instrument is, on which the whole charge depends, that instrument must be shown to the court, that they may form their judgments A defendant is not bound to put the question as a combined matter "of law and fact to the'jury, but has a right to put it- as a mere question of law to the court. This mode of stating a libel is a departure from the uniform course of all the precedents, and one deviátion will naturally lead to an-' other, and by degrees we shall lose that certainty which is the great object of every wise system of law to preserve. This relaxation in pleading is a source of vast delay to the suitor, and in this state* *176 owing, I think, to a very mistaken policy, or false- pride, all judicial proceedings are sinking into chaos, which scorns all forms, and requires more time to find out the true state of the record, than to decide on- it when it is known. Besides, the- mode of alleging the libel would deprive a party of his writ of error, and it would make the verdict of a jury binding in cases where it ought not to be so: for if the jury find their verdict, that the libel proved was in substance the same as the charge in the indictment contrary to the opinion of the court who tried the cause, that would be binding, on the parties, and the defendant could bring no writ of erroi', though the whole might be a question of law. An argument which at first made some impression on my mind was, that the words “in substance,” might be rejected without impairing the sense, and then the charge would be, that he published the libellous matter as- follows. But, in substance, could not be rejected as mere surplusage, for it is a material part of the description of the libel.
I think, therefore, the judgment was bad, and that the judgment of the Quarter Sessions should be affirmed.
Judgment affirmed.